IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

(1) ROY E. JOHNSON, an individual, )
)
      Plaintiff, ) Case No.: 15-CV-222-SPS
)
vs. )
) ATTORNEY LIEN CLAIMED
(1) BALDOR ELECTRIC COMPANY, ) JURY TRIAL DEMANDED
a Foreign For Profit Corporation, )
)
      Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Roy E. Johnson, by and through his attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Baldor Electric Company ("Baldor"), for violation of his constitutionally protected rights arising out of his employment and termination by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages, to secure protection of, and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA").

2. Plaintiff is a resident of Adair County, State of Oklahoma.

3. Defendant is a foreign for profit corporation regularly conducting business in Adair County, State of Oklahoma, and employs more than fifteen (15) people.

4. The incidents and occurrences that form the basis of Plaintiff's action occurred in Adair County, State of Oklahoma.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age. A Notice of Right to

1

Sue was received by Plaintiff, and this Complaint has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

6. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. §1337 (Acts of Congress regulating commerce).

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

9. This action lies properly in the Eastern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Eastern District of Oklahoma and because Defendant is a corporation conducting regular business in the Eastern District of Oklahoma.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff incorporates the preceding paragraphs as if re-alleged.

11. Defendant hired the Plaintiff on or around April 9, 1984 as a Production Operator.

12. At the time of his termination on August 19, 2014, the Plaintiff had worked for the Defendant for over thirty (30) years.

13. For twenty-seven (27) years, the Plaintiff unerringly received positive performance reviews, and was never the subject of any disciplinary action.

14. For the last seventeen (17) years of his employment with the Defendant, the Plaintiff worked as an Area Manager in Westville, Oklahoma.

15. In or around 2011, Plant Manager Jim Riffel ("Riffel"), and Production Manager Jose Pelayo ("Pelayo"), instructed the Plaintiff to terminate three (3) older workers; Joyce Collins, Earl Yadon, and Jerry Ledbetter.

16. Plaintiff opposed this discriminatory instruction, and such an instruction had never been given to any other similarly situated employees outside of the protected age group.

17. In response to Plaintiff's opposition, other means were employed to terminate the three named employees; two of whom were intimidated and harassed to the point of retirement.

18. Also as a result of the Plaintiff's opposition to the discriminatory instruction, Riffel and Pelayo began writing-up the Plaintiff for allegedly not following directions, disciplined the Plaintiff for any minor error that could be found including discipline for untrue allegations, and only provided the Plaintiff with a one (1) percent raise in his last two years of employment with the Defendant.

19. Additionally, the Defendant reduced the number of staff in the Plaintiff's area, and did not refill these positions, in an attempt to decrease Plaintiff's production numbers and provide an excuse for his termination. However, even after the reduction in Plaintiff's staff, Plaintiff had the best numbers of the five (5) Area Managers, the least backlog, the least scrap, and the best quality ratings.

20. During his employment, Pelayo would call the Plaintiff "old" to his face. The Plaintiff also witnessed Pelayo referring to other employees as "old."

21. On May 29, 2014, the Plaintiff contacted Chris Hoyle in the local Human Resources Department to report that he was being subjected to discrimination.

22. On May 30, 2014, the Plaintiff also contacted Vice-President Jason Green in the Human Resources Department at Baldor Headquarters. The Plaintiff also spoke with Merrill Bradley in the Human Resources Department at Baldor Headquarters.

23. After "looking into the situation," Merrill Bradley later called Plaintiff and advised him that he saw no case of age discrimination.

24. Subsequently, Pelayo harassed the Plaintiff through emails about his scheduled vacation. Pelayo then moved one of Plaintiff's supervisors to another area to interfere with the Plaintiff's ability to cover his area during his vacation.

25. When Plaintiff returned to work from vacation on August 4, 2014 Plaintiff was written up by Riffel for "not calling the overtime in his area" while on vacation.

26. On Friday, August 15, 2014, the Plaintiff was called into the Human Resources Department and terminated from his employment with Baldor for "not calling the overtime in his area."

27. Plaintiff believes that he was treated differently and terminated based upon his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

**FIRST CLAIM FOR RELIEF**
**Disparate Treatment, Retaliation, and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.***

28. The preceding paragraphs are incorporated herein by reference.

29. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

30. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to treatment, discipline, benefits, and termination in violation of the ADEA.

31. The Defendant subjected Plaintiff to retaliatory treatment and discipline before and after he submitted his complaint to Human Resources, a protected activity under the ADEA.

32. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

33. Defendant committed the act alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

34. Upon information and belief, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA.

   WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement;
   b. Compensatory damages for his mental anguish, pain and suffering, and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
   d. Plaintiff's attorney fees and the costs and expenses of this action;
   e. Injunctive relief;
   f. Such other relief as the Court deems just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

5

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

/s/ Daniel E. Smolen

Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*